UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HORACIO GUIBELALDE and<br>MARTA MABEL FOLGADO<br><br>         Plaintiffs,<br><br>    -against-<br><br>THE REPUBLIC OF ARGENTINA,<br><br>         Defendant. | 11 CV 4908 (TPG) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO AMEND THEIR COMPLAINT**

             **MILBERG LLP**
             Michael C. Spencer
             One Pennsylvania Plaza
             New York, NY 10119
             (212) 594-5300

             *Attorneys for Plaintiffs*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

STATEMENT OF FACTS .................................................................................................... 1

ARGUMENT ......................................................................................................................... 2

CONCLUSION ...................................................................................................................... 4

## INTRODUCTION

Plaintiffs respectfully submit this memorandum in support of their motion for leave to amend their complaint against the Republic of Argentina ("Argentina"). No judgment or order for summary judgment has been entered in this case. Simultaneously with this filing, Plaintiffs are filing a Motion for Partial Summary Judgment and for Injunctive Relief Pursuant to the Equal Treatment Provision (the "Injunction Motion") and a Motion for Partial Summary Judgment on Plaintiffs' Principal and Interest Claim (the "Principal and Interest Motion").[1] Plaintiffs' requested amendment is to clarify their claim for specific performance of the Equal Treatment Provision of the Fiscal Agency Agreement ("FAA"), based on Argentina's continuing violations of that provision. See Ex. 1 to the Declaration of Michael C. Spencer at 9l 1(c) ("Spencer Decl.").[2] Plaintiffs request that the Court consider all three motions concurrently.

## STATEMENT OF FACTS

As this Court is aware, Argentina defaulted on its external indebtedness on or around December 21, 2001. Since that time, many hundreds of plaintiffs have obtained judgments against Argentina from this Court, but Argentina continues to willfully disregard those judgments by failing to satisfy the judgments. Instead, in 2005 and again in 2010, Argentina unilaterally attempted to force its creditors to take a severe "haircut" by offering to exchange the defaulted bonds for new "exchange" bonds with severely discounted terms. In their companion Injunction Motion, Plaintiffs assert that Argentina's actions violate the Equal Treatment

---

[1] Plaintiffs incorporate herein by reference Plaintiffs' Memorandum in Support of Their Motion for Partial Summary Judgment and for Injunctive Relief Pursuant to the Equal. Treatment Provision and accompanying declarations and exhibits as if set out in full herein.

[2] This motion as well as the Injunction Motion are substantially similar to the motions made by NML Capital Ltd. on October 20, 2010 before this Court in three actions entitled: *NML Capital, Ltd v. The Republic of Argentina*, Nos. 08 Civ. 6978, 09 Civ. 1707, and 09 Civ. 1708.

Provision found in the FAA and justify this Court's issuance of an order of specific performance requiring Argentina to deal with Plaintiffs and other external creditors equally and ratably.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 15(a), leave to amend should be freely given when justice so requires. In *Foman v. Davis*, the Supreme Court explained the Rule's purpose and application.

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

371 U.S. 178, 182 (1962) (internal citation omitted). None of the reasons listed by the Supreme Court to justify denying leave to amend exists in these cases. There has been no bad faith or dilatory motive on plaintiffs' part, no repeated failures to cure deficiencies by amendment and no undue delay or prejudice.[3] *See id*.

There will be no prejudice to Argentina if the Court allows the amendment of the Complaint because amending would not require Argentina to expend any resources in discovery or in trial preparation and would not delay the resolution of the dispute. *See Block v. First Blood Assocs,* 988 F.2d 344, 350 (2d Cir. 1993) ("In determining . . 'prejudice' [the Second Circuit] consider[s] whether the . . . new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the

---

[3] These amendments are sought within New York's six year statute of limitations for contract actions, based on the earliest violations of the Equal Treatment Provision. N.Y. C.P.L.R. § 213 (2011).

2

resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction."). Nor can Argentina claim surprise by Plaintiffs' bringing this issue to the fore after the previous treatment of the Equal Treatment Provision in this litigation and the specifically in the recent motions filed by NML. This provision was first raised in this litigation in late 2003 by Argentina itself. Indeed, Argentina argued at that time that the issue was already before the Court. "Having sued under the FAA, plaintiffs have put at issue all provisions in that agreement that are relevant to the rights and obligations of the parties, including their right to use the Pan Passu Clause as an enforcement mechanism." Spencer Decl. Ex. 3 at 14. And the stipulation signed by the parties, requiring NML to provide 30 days' notice of its intent to raise an Equal Treatment issue in any other forum, evidences Argentina's knowledge that the issue had yet to be resolved. *Monahan v. N.Y. City Dept. of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (no unfair surprise when party "had knowledge of the facts giving rise to the [claim]" and the party "was well aware" of the underlying basis of the claim).

To the extent that Argentina may claim that there has been delay in seeking to amend the Complaint, there has been no delay here (this action was filed in 2010); and in any event, delay alone is an insufficient basis to deny leave to amend. *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay...absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."); *Lavaggi v. Republic of Argentina*, No. 04 Civ. 5068 (TPG), 2008 WL 4449347, at *1 (S.D.N.Y. Sept. 30, 2008) (proper to allow amendment several years after original filing).

Argentina may also argue that amendment is futile because Plaintiffs' interpretation of the Equal Treatment Provision cannot be correct. Plaintiffs request that the Court consider this motion in conjunction with the Injunction Motion, which puts at issue the correct interpretation

3

of the Equal Treatment Provision.  Argentina's futility argument will be resolved or mooted when the Court decides the Injunction Motion.  In any event, Plaintiffs submit that their arguments on the Injunction Motion are persuasive.

## CONCLUSION

Because leave to amend is to be freely given pursuant to Fed. R. Civ.P. 15(a) and there is no reason to deny such leave, the Court should grant Plaintiffs' Motion for Leave to Amend.

Dated:    New York, New York
          February 23, 2015

                                      MILBERG LLP

                                      By:    *s/ Michael C. Spencer*
                                             Michael C. Spencer
                                      mspencer@milberg.com
                                      One Pennsylvania Plaza
                                      New York, NY  10119
                                      Tel.: 212-594-5300
                                      Facs.: 212-868-1229

                                      *Attorneys for Plaintiff*