UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- x
NML CAPITAL, LTD.,                               :
                                                 :
                                Plaintiff,       :
                                                 :
                - against -                       :    14 Civ. 8601 (TPG)
                                                 :
THE REPUBLIC OF ARGENTINA,                       :
                                                 :
                                Defendant.       :
------------------------------------------------- x
NML CAPITAL, LTD.,                               :
                                                 :
                                Plaintiffs,      :
                                                 :
                - against -                       :    14 Civ. 8988 (TPG)
                                                 :
THE REPUBLIC OF ARGENTINA,                       :
                                                 :
                                Defendant.       :
------------------------------------------------- x
FFI FUND, LTD. and FYI LTD.,                     :
                                                 :
                                Plaintiffs,      :
                                                 :
                - against -                       :    14 Civ. 8630 (TPG)
                                                 :
THE REPUBLIC OF ARGENTINA,                       :    *(captions continue on following
                                                 :    pages)*
                                Defendant.       :
------------------------------------------------- x

**<u>OPINION AND ORDER</u>**

```
----------------------------------------------------  x
PEREZ, et al.,                                        :
                                                      :
                            Plaintiffs,               :
                                                      :
                  - against -                         :     14 Civ. 8242 (TPG)
                                                      :
THE REPUBLIC OF ARGENTINA,                            :
                                                      :
                            Defendant.                :
                                                      :
----------------------------------------------------  x
AURELIUS CAPITAL PARTNERS, LP, et al.,                :
                                                      :
                            Plaintiffs,               :
                                                      :
                  - against -                         :
                                                      :     14 Civ. 8946 (TPG)
THE REPUBLIC OF ARGENTINA,                            :
                                                      :
                            Defendant.                :
                                                      :
----------------------------------------------------  x
BLUE ANGEL CAPITAL I LLC,                             :
                                                      :
                            Plaintiff,                :
                                                      :
                  - against -                         :
                                                      :     14 Civ. 8947 (TPG)
THE REPUBLIC OF ARGENTINA,                            :
                                                      :
                            Defendant.                :
                                                      :
----------------------------------------------------  x
EM LTD.,                                              :
                                                      :
                            Plaintiff,                :
                                                      :
                  - against -                         :
                                                      :     14 Civ. 8303 (TPG)
THE REPUBLIC OF ARGENTINA,                            :
                                                      :
                            Defendant.                :
----------------------------------------------------  x
```

```
------------------------------------------------- x
LIGHTWATER CORP. LTD.,                             :
                                                   :
                      Plaintiff,                   :
                                                   :
          - against -                              :        14 Civ. 4092 (TPG)
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                      Defendant.                   :
------------------------------------------------- x
OLD CASTLE HOLDINGS, LTD.,                         :
                                                   :
                      Plaintiff,                   :
                                                   :
          - against -                              :
                                                   :        14 Civ. 4091 (TPG)
THE REPUBLIC OF ARGEN7258TINA,                     :
                                                   :
                      Defendant.                   :
------------------------------------------------- x
SETTIN,                                            :
                                                   :
                      Plaintiff,                   :
                                                   :
          - against -                              :
                                                   :        14 Civ. 8739 (TPG)
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                      Defendant.                   :
------------------------------------------------- x
CAPITAL VENTURES INTERNATIONAL,                    :
                                                   :
                      Plaintiff,                   :
                                                   :
          - against -                              :
                                                   :        14 Civ. 7258 (TPG)
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                      Defendant.                   :
------------------------------------------------- x
```

```
------------------------------------------------- x
ADAMI, et al.,                                     :
                                                   :
                          Plaintiffs,              :
                                                   :
              - against -                          :     14 Civ. 7739 (TPG)
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                          Defendant.               :
------------------------------------------------- x
CAPITAL MARKETS FINANCIAL SERVICES                 :
INC., et al.,                                      :
                                                   :
                          Plaintiffs,              :
                                                   :
              - against -                          :     15 Civ. 0710 (TPG)
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                          Defendant.               :
------------------------------------------------- x
FOGLIA, et al.,                                    :
                                                   :
                          Plaintiffs,              :
                                                   :
              - against -                          :     14 Civ. 8243 (TPG)
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                          Defendant.               :
------------------------------------------------- x
PONS, et al.,                                      :
                                                   :
                          Plaintiffs,              :
                                                   :
              - against -                          :     13 Civ. 8887 (TPG)
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                          Defendant.               :
------------------------------------------------- x
```

```
----------------------------------------------- x
GUIBELALDE, et al.,                             :
                                                :
                            Plaintiffs,         :
                                                :
            - against -                         :    11 Civ. 4908 (TPG)
                                                :
THE REPUBLIC OF ARGENTINA,                      :
                                                :
                            Defendant.          :
----------------------------------------------- x
DORRA, et al.,                                  :
                                                :
                            Plaintiffs,         :
                                                :
            - against -                         :
                                                :    14 Civ. 10141 (TPG)
THE REPUBLIC OF ARGENTINA,                      :
                                                :
                            Defendant.          :
                                                :
----------------------------------------------- x
BELOQUI, et al.,                                :
                                                :
                            Plaintiffs,         :
                                                :
            - against -                         :
                                                :    14 Civ. 5963 (TPG)
THE REPUBLIC OF ARGENTINA,                      :
                                                :
                            Defendant.          :
                                                :
----------------------------------------------- x
TORTUS CAPITAL MASTER FUND, LP,                 :
                                                :
                            Plaintiff,          :
                                                :
            - against -                         :
                                                :    14 Civ. 1109 (TPG)
THE REPUBLIC OF ARGENTINA,                      :
                                                :
                            Defendant.          :
                                                :
----------------------------------------------- x
```

```
--------------------------------------------------- x
TORTUS CAPITAL MASTER FUND, LP,                      :
                                                     :
                           Plaintiff,                :
                                                     :
               - against -                           :    14 Civ. 3127 (TPG)
                                                     :
THE REPUBLIC OF ARGENTINA,                           :
                                                     :
                           Defendant.                :
--------------------------------------------------- x
TRINITY INVESTMENTS LIMITED,                         :
                                                     :
                           Plaintiff,                :
                                                     :
               - against -                           :    14 Civ. 10016 (TPG)
                                                     :
THE REPUBLIC OF ARGENTINA,                           :
                                                     :
                           Defendant.                :
--------------------------------------------------- x
MONTREUX PARTNERS, L.P.,                             :
                                                     :
                           Plaintiff,                :
                                                     :
               - against -                           :    14 Civ. 7171 (TPG)
                                                     :
THE REPUBLIC OF ARGENTINA,                           :
                                                     :
                           Defendant.                :
--------------------------------------------------- x
LOS ANGELES CAPITAL,                                 :
                                                     :
                           Plaintiff,                :
                                                     :
               - against -                           :    14 Civ. 7169 (TPG)
                                                     :
THE REPUBLIC OF ARGENTINA,                           :
                                                     :
                           Defendant.                :
--------------------------------------------------- x
```

```
-----------------------------------------------  x
CORDOBA CAPITAL,                                  :
                                                  :
                              Plaintiff,          :
                                                  :
                   - against -                    :   14 Civ. 7164 (TPG)
                                                  :
THE REPUBLIC OF ARGENTINA,                        :
                                                  :
                              Defendant.          :
-----------------------------------------------  x
WILTON CAPITAL,                                   :
                                                  :
                              Plaintiff,          :
                                                  :
                   - against -                    :
                                                  :   14 Civ. 7166 (TPG)
THE REPUBLIC OF ARGENTINA,                        :
                                                  :
                              Defendant.          :
                                                  :
-----------------------------------------------  x
MCHA HOLDINGS, LLC,                               :
                                                  :
                              Plaintiff,          :
                                                  :
                   - against -                    :
                                                  :   14 Civ. 7637 (TPG)
THE REPUBLIC OF ARGENTINA,                        :
                                                  :
                              Defendant.          :
-----------------------------------------------  x
MCHA HOLDINGS, LLC,                               :
                                                  :
                              Plaintiff,          :
                                                  :
                   - against -                    :
                                                  :   14 Civ. 10064 (TPG)
THE REPUBLIC OF ARGENTINA,                        :
                                                  :
                              Defendant.          :
-----------------------------------------------  x
```

```
----------------------------------------------- x
ANDRAREX LTD.,                                  :
                                                :
                              Plaintiff,         :
                                                :
                  - against -                   :    14 Civ. 9093 (TPG)
                                                :
THE REPUBLIC OF ARGENTINA,                      :
                                                :
                              Defendant.         :
----------------------------------------------- x
CLARIDAE, et al.,                               :
                                                :
                              Plaintiffs,        :
                                                :
                  - against -                   :
                                                :    14 Civ. 10201 (TPG)
THE REPUBLIC OF ARGENTINA,                      :
                                                :
                              Defendant.         :
                                                :
----------------------------------------------- x
ARAG-A LIMITED, et al.,                         :
                                                :
                              Plaintiffs,        :
                                                :
                  - against -                   :
                                                :    14 Civ. 9855 (TPG)
THE REPUBLIC OF ARGENTINA,                      :
                                                :
                              Defendant.         :
                                                :
----------------------------------------------- x
ATTESTOR MASTER VALUE FUND LP,                  :
                                                :
                              Plaintiff,         :
                                                :
                  - against -                   :
                                                :    14 Civ. 5849 (TPG)
THE REPUBLIC OF ARGENTINA,                      :
                                                :
                              Defendant.         :
----------------------------------------------- x
```

```
-------------------------------------------------- x
ANGULO, et al.,                                    :
                                                   :
                        Plaintiffs,                :
                                                   :
            - against -                            :        15 Civ. 1470 (TPG)
                                                   :
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                        Defendant.                 :
-------------------------------------------------- x
LAMBERTINI, et al.,                                :
                                                   :
                        Plaintiffs,                :
                                                   :
            - against -                            :
                                                   :        15 Civ. 1471 (TPG)
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                        Defendant.                 :
                                                   :
-------------------------------------------------- x
HONERO FUND I, LLC,                                :
                                                   :
                        Plaintiff,                 :
                                                   :
            - against -                            :
                                                   :        15 Civ. 01553 (TPG)
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                        Defendant.                 :
                                                   :
-------------------------------------------------- x
TRINITY INVESTMENTS LIMITED,                       :
                                                   :
                        Plaintiff,                 :
                                                   :
            - against -                            :
                                                   :        15 Civ. 1588 (TPG)
THE REPUBLIC OF ARGENTINA,                         :
                                                   :
                        Defendant.                 :
-------------------------------------------------- x
```

```
---------------------------------------------------  x
BANCA ARNER S.A., et al.,                            :
                                                     :
                          Plaintiffs,                :
                                                     :
              - against -                            :
                                                     :   15 Civ. 1508 (TPG)
THE REPUBLIC OF ARGENTINA,                           :
                                                     :
                          Defendant.                 :
                                                     :
---------------------------------------------------  x
```

Plaintiffs in these thirty-six actions hold defaulted bonds issued by defendant, the Republic of Argentina. Plaintiffs move for partial summary judgment, asking the court to rule that the Republic violated and continues to violate the *pari passu* clause of the underlying bond agreement. For the following reasons, the court grants plaintiffs' motions for partial summary judgment.

<u>Facts</u>

In 1994, the Republic began issuing bonds pursuant to a Fiscal Agency Agreement ("FAA"). The FAA contains a provision, the *pari passu* clause, which reads:

> The Securities will constitute (except as provided in Section 11 below) direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without any preference among themselves. The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness (as defined in this Agreement)."

FAA ¶ 1(c). The FAA also contained provisions whereby, in the event litigation arose regarding the bonds, the Republic consented to the jurisdiction of any state or federal court in New York City. *Id.* ¶¶ 22–23.

Plaintiffs hold bonds issued by the Republic pursuant to the FAA. Until 2001, the Republic made regular payments on the FAA bonds. That year, however, the Republic experienced an economic crisis and defaulted on its public debts, including the FAA bonds. Each year since 2002, the Republic has passed legislation prohibiting payment on the FAA bonds. As a result, many FAA bondholders began filing actions against the Republic in this court.

**1. The 2005 and 2010 Exchange Offers**

In 2005, the Republic issued an exchange offer (the "2005 Exchange") inviting creditors, including FAA bondholders, to exchange their old bonds for newly issued bonds worth 25% to 29% of the original bonds' value. The Republic took certain steps to encourage participation in the 2005 Exchange Offer, and to discourage "holdouts" from pursuing better terms. First, the Republic enacted Law 26,017 (the "Lock Law"), prohibiting settlement with those who declined the exchange. *See* Law 26,017 art. 4. Second, the Republic included in the 2005 Exchange Offer a Rights Upon Future Offers ("RUFO") clause. *See* 2005 Prospectus Supplement at S-18. The RUFO clause guaranteed that if the Republic were to reach agreement with the holdouts, it would have to offer the same terms to those who had accepted the 2005 Exchange Offer. *Id.* In all, an estimated 72% to 76% of the Republic's creditors accepted the 2005 Exchange Offer.

In 2010, the Republic made another exchange offer (the "2010 Exchange"). In order to conduct the 2010 Exchange, the Republic enacted Law 26,547, temporarily suspending the Lock Law. *See* Law 26,547 art. 1. Law 26,547 made

it illegal for the Republic to offer to new exchangers equal or better terms than what was offered in 2005. *Id.* art. 3. Moreover, Law 26,547 prohibited the Executive from offering holdouts who had sued the Republic terms more favorable than those who did not sue the Republic. *Id.* art. 5.

In all, an estimated 93% of the Republic's creditors accepted the 2005 and 2010 exchange offers. After each exchange, the Republic made regular payments on the Exchange Bonds. However, the Republic continued in its refusal to pay on the FAA bonds.

## 2. The Lead Plaintiffs and the *Pari Passu* Injunction

As discussed, upon the Republic's refusal to honor their bonds, many of the FAA bondholders filed actions against the Republic in this court. Some of these bondholders obtained money judgments from this court, *i.e.,* judgments that the Republic owes them principal and interest on their FAA bonds. *See, e.g.,* Judgment, *Old Castle Holdings, Ltd. v. Republic of Argentina,* No. 02-CV-3808 (Mar. 27, 2003). However, these bondholders found it impossible to collect on their money judgments.

In 2010, a group of plaintiffs led by NML Capital, Ltd. (the "Lead Plaintiffs") filed motions seeking a different kind of judgment. These plaintiffs, by motion for partial summary judgment, asked the court to declare that the Republic had violated a portion of the *pari passu* clause, the "Equal Treatment Provision," by "creating a class of creditors who are guaranteed payment while formally condemning NML to a lower rank that is barred from receiving any payment at all." *See* Mem. L. Supp. Mot. Part. Summary J. at 2, *NML Ltd. v. Republic of*

*Argentina*, No. 08-CV-6978 (Oct. 20, 2010). After extensive briefing, the court agreed with the Lead Plaintiffs and adjudged that the Republic had violated the *pari passu* clause of the FAA when it "lowered the rank of NML's bonds . . . [and] when it made payments currently due under the Exchange Bonds[] while persisting in its refusal to satisfy its payment obligations currently due under NML's Bonds." Order 4–5, *NML Ltd. v. Republic of Argentina*, No. 08-CV-6978 (Dec. 7, 2011).

On February 23, 2012, the court fashioned an injunction to enforce its judgment that the Republic had violated the *pari passu* clause. *See* Order, *NML Ltd. v. Republic of Argentina*, No. 08-CV-6978 (Feb. 23, 2012). The Court of Appeals for the Second Circuit affirmed the injunction, but remanded it to this court "to clarify precisely how it intends this injunction to operate." *NML Capital, Ltd. v. Republic of Argentina*, 699 F.3d 246, 255 (2d Cir. 2012). On remand, the court issued an order clarifying that:

> a. Whenever the Republic pays any amount due under terms of the bonds or other obligations issued pursuant to the Republic's 2005 or 2010 Exchange Offers, or any subsequent exchange of or substitution for the 2005 and 2010 Exchange Offers that may occur in the future (collectively, the "Exchange Bonds"), the Republic shall concurrently or in advance make a "Ratable Payment" to NML.
>
> b. Such "Ratable Payment" that the Republic is ORDERED to make to NML shall be an amount equal to the "Payment Percentage" (as defined below) multiplied by the total amount currently due to NML in respect of the bonds at issue in these cases (08 Civ. 6978, 09 Civ. 1707, and 09 Civ. 1708), including pre-judgment interest (the "NML Bonds").

Order at ¶ 2 (a)–(b), *NML Ltd. v. Republic of Argentina*, No. 08-CV-6978 (Nov. 21, 2012). This order has become known as "the Amended Injunction."

The Republic appealed the Amended Injunction to the Court of Appeals. The Second Circuit affirmed the Amended Injunction in its entirety. *NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230, 248 (2d Cir. 2013). Nonetheless, it stayed the Amended Injunction to allow the Republic to file a petition for a writ of *certiorari. Id.* The Republic filed its petition, and the Supreme Court denied it on June 16, 2014. *Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2819 (2014). Soon thereafter, the Court of Appeals lifted the stay of the Amended Injunction.

### 3. The Republic's Post-Injunction Conduct

Less than a month after the Court of Appeals affirmed the Amended Injunction, the Republic passed Law 26,886, reopening the exchanges but again prohibiting those who wished to participate from receiving terms more favorable than had already been offered. *See* Law 26,886 art. 2. Moreover, the Republic continued to forbid settlement with the holdouts who had filed lawsuits unless those holdouts accepted the same terms given in 2005 and 2010. *Id.* art 4.

The day after the Supreme Court denied the Republic's petition for a writ of *certiorari*, the Republic announced a plan to pay on the Exchange Bonds without making a payment to the FAA bondholders. *See* Statement of the Minister of the Economy at 4 (June 17, 2014) ("We are initiating steps to initiate a debt exchange that would permit us to pay in Argentina under Argentine law."). Six days later, the Republic attempted to make a payment of $832 million on the Exchange Bonds without making a ratable payment to the Lead Plaintiffs. Cohen Decl. ¶ 29. It has attempted to make two additional payments since then. *Id.* ¶¶

41–42.

On September 11, 2014, the Republic enacted legislation with the stated purpose of paying on the Exchange Bonds without observing this court's judgments in the Lead Cases. *See* Law 26,984 art. 2. The legislation purports to appoint an Argentine entity as trustee of the Exchange Bonds, *id.* art 3, and to establish a process for Exchange Bondholders to swap their Exchange Bonds for securities governed by French Law. *Id.* art. 7. Law 26,984 also declares this court's orders as "illegitimate and illegal obstruction" of the payment process on the Exchange Bonds. *Id.* art 2.

### 4. The "Me Too" Plaintiffs and the Instant Motions for Partial Summary Judgment

As discussed, in 2011 the Lead Plaintiffs obtained judgments from this court that the Republic violated the *pari passu* clause of the FAA when it lowered the rank of their FAA bonds. Plaintiffs in the instant thirty-six cases now seek a similar ruling. Plaintiffs in nineteen of these cases[1] already have money judgments against the Republic (collectively, the "Post Money Judgment Plaintiffs.") Plaintiffs in the remaining sixteen cases[2] do not have money judgments (collectively, the "Pre-Judgment Plaintiffs").

Together, plaintiffs in all of the instant cases now move for partial summary judgment, asking the court to rule that the Republic violated and

---

[1] The nineteen Post Money Judgment cases are: 11-CV-4908; 14-CV-4091; 14-CV-4092; 14-CV-7164; 14-CV-7166; 14-CV-7169; 14-CV-7171; 14-CV-7258; 14-CV-7739; 14-CV-8242; 14-CV-8303; 14-CV-8601; 14-CV-8630; 14-CV-8946; 14-CV-8947; 14-CV-9093; 15-CV-00710; 15-CV-01470; and 15-CV-1508.

[2] The sixteen Pre-Judgment cases are: 13-CV-8887; 14-CV-10016; 14-CV-10064; 14-CV-10141; 14-CV-10201; 14-CV-1109; 14-CV-3127; 14-CV-5849; 14-CV-5963; 14-CV-7637; 14-CV-8243; 14-CV-8988; 14-CV-9855; 15-CV-1471; 15-CV-1553; and 15-CV-1588.

continues to violate the *pari passu* clause of the FAA. The court heard oral argument on the motions on May 29, 2015.

<u>Discussion</u>

The standard for summary judgment is well settled. The court may grant summary judgment only where the movant shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986).

The Republic raises three arguments in opposition to plaintiffs' motions for partial summary judgment: (1) the Post Money Judgment Plaintiffs' claims are barred by the doctrines of *res judicata* and merger; (2) the Pre-Judgment Plaintiffs have not adequately demonstrated that they own the bond interests they purport to hold; and (3) the Republic has not breached the *pari passu* clause of the FAA.

**1. Whether the Doctrines of *Res Judicata* and Merger Bar the Post Money Judgment Plaintiffs' *Pari Passu* Claim.**

The Republic argues that the doctrines of *res judicata* and merger require the court to deny the *pari passu* claim in the nineteen cases where plaintiffs have already obtained money judgments.

The doctrine of *res judicata* "provides that a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010) (internal marks omitted). *Res judicata* will

preclude successive claims if the earlier decision was: "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir. 1985). A cause of action is the same if it stems from the same or connected transactions, the same proof is needed to support it as in the prior suit, and if the facts essential to the second were present in the first. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000); *N.L.R.B. v. United Technologies Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983).

The doctrine of merger provides that "a debt created by contract merges with a judgment entered on that contract, so that the contract debt is extinguished and only the judgment debt survives." *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 102 (2d Cir. 2004). The "merger" of the contract debt with the judgment debt does not extinguish the underlying contract itself. *See Exp.-Imp. Bank of the Republic of China v. Grenada*, No. 13 CIV. 1450 HB, 2013 WL 4414875, at *3 (S.D.N.Y. Aug. 19, 2013). This would inappropriately "weaken rights or destroy identities which the prevailing party had in his original cause." *Jay's Stores, Inc. v. Ann Lewis Shops, Inc.*, 15 N.Y.2d 141, 147 (1965). Rather than extinguish the *contract*, merger merely extinguishes the *claim* that was adjudicated from that contract, and replaces that claim with the final judgment. *See Orix Credit Alliance, Inc. v. Horten*, 965 F. Supp. 481, 485 (S.D.N.Y. 1997).

Merger, then, is functionally similar to the doctrine of claim preclusion, which itself is a component of *res judicata. Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). Thus, courts have become increasingly wary

of using the terminology of "merger," favoring instead the language of *res judicata*. *See NML Capital, Ltd. v. Banco Cent. de la Republica Argentina*, 652 F.3d 172, 185 (2d Cir. 2011) (noting that merger and bar are "the terminology of the common law that federal courts have supposedly retired."). Consequently, this court will apply the doctrine of *res judicata* in determining whether plaintiffs' claims are precluded.

This is exactly the approach employed in *Export-Import Bank of the Republic of China v. Grenada*. In 2006, the Export-Import Bank obtained a $21.6 million judgment against Grenada for its default on four loans. *Exp.-Imp. Bank of the Republic of China v. Grenada*, No. 13-CV-1450 (HB), 2013 WL 4414875, at *1 (S.D.N.Y. Aug. 19, 2013). Six years later, the Export-Import Bank filed a new action against Grenada, alleging breach of the *pari passu* clause of the loan agreements. *Id.* Granada argued that principles of *res judicata* and merger barred the second action. *Id.* Judge Baer of this court disagreed, and upon applying *res judicata* principles, held that the second action was not precluded because its factual basis, the conduct establishing violation of the pari passu clause, involved a "different set of wrongs" not litigated in the first action. *Id.* at *2–3.

Just as in *Export-Import Bank*, the instant *pari passu* claim is not precluded because it is different from, and involves a different set of wrongs, than what was adjudicated previously. Between 2002 and 2011, the Post Money Judgment plaintiffs filed actions against the Republic for its failure to pay principal and interest on their FAA bonds. *See, e.g.*, Complaint ¶¶ 1, 4–7, *Drawrah Limited, et al., v. The Republic of Argentina*, No. 09-CV-8299 (Sep. 30,

2009). The court awarded these plaintiffs judgments of principal and interest on those bonds. *See, e.g.*, Judgment, *Drawrah Limited, et al., v. The Republic of Argentina*, No. 09-CV-8299 (Feb. 24, 2011). These plaintiffs have now filed new actions asserting that the Republic breached the *pari passu* clause of the FAA by ranking their securities below the securities of the Exchange Bondholders. *See, e.g.*, Complaint ¶¶ 3–4, *Perez, et al., v. Republic of Argentina*, No. 14-CV-8242 (Oct. 15, 2014).

The claim for failure to pay principal and interest is fundamentally different from the *pari passu* claim. The Republic's failure to pay principal and interest violates the FAA because the FAA requires the payment of principal and interest. *See* FAA ¶ 12(a). The sole "wrong" committed in this regard, and the sole matter litigated to final judgment, was the failure to pay principal and interest.

The claim for failure to honor the *pari passu* clause involves a wholly different set of wrongs. The *pari passu* clause of the FAA, more specifically the equal treatment provision, provides that the "The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness." FAA ¶ 1(c). The Republic violates this provision not simply by its refusal to pay plaintiffs, but by its creation of and payment on a superior class of securities and by subordinating its obligation to plaintiffs.

The Republic argues that preclusion applies because the facts giving rise to the *pari passu* claim occurred before the money judgments were awarded, and

thus the claim should have been asserted in the previous actions. *See* Mem. L. Opp. at 18–19. The Republic notes that the passage of the "Lock Law," which prohibits settlement with the holdouts, was passed in 2005, and suggests that this event gave plaintiffs sufficient basis to bring the *pari passu* claim earlier. *Id.* Notwithstanding the fact that a significant number of these plaintiffs filed their first actions before 2005,[3] the Lock Law was simply one early example of an ongoing series of events giving rise to plaintiffs' *pari passu* claim.

First, the Republic passed the Lock Law and conducted the 2005 and 2010 Exchanges. Each year since then, the Republic has reauthorized a moratorium on payments on the FAA bonds. At the same time, the Republic has made scores of payments to the Exchange Bondholders. In 2011 and 2012, the court construed the *pari passu* clause in the Lead Cases. In 2013, the Republic passed Law 26,886 reopening the exchanges but again prohibiting repayment on the plaintiffs' bonds. In June of 2014, the Supreme Court denied the Republic's petition for a writ of *certiorari* in the Lead Cases. Then, between 2014 and 2015, the Republic made three illegal transfers to financial entities with the intention of paying on the Exchange Bonds without making a ratable payment to the Lead Plaintiffs. It also passed Law 26,984, offering to pay Exchange Bondholders under French law and purporting to replace the indenture trustee of the Exchange Bonds.

This lengthy and ongoing series of events is what provides the factual basis

---

[3] *See, e.g.*, 02-CV-3808; 02-CV-4124; 03-CV-8120; 04-CV-7056; 04-CV-6594; 04-CV-2710; 04-CV-3314; 04-CV-6137; 04-CV-7504; and 04-CV-1077.

for the instant *pari passu* claim. This pattern of activity, as a whole, was not known and could not have been known to these plaintiffs when they filed their first actions. Simply put, it is the Republic's *ongoing* conduct that, in the language of *res judicata*, is essential to the instant *pari passu* claim. Because this essential conduct occurred, and continues to occur, long after the first actions were filed, *res judicata* does not apply.

The court rejects the Republic's *res judicata* and merger arguments because the Post Money Judgment Plaintiff's *pari passu* claim is fundamentally different from, and involves a wholly different set of wrongs, than the claim for payment of interest and principal. Moreover, the factual basis for the new claim, *i.e.* the Republic's conduct in subordinating its payment obligation to plaintiffs, is ongoing. Thus, the court concludes that the *pari passu* claim is different from what was previously litigated, and not precluded by principles of *res judicata* or merger.

### 2. Whether The Pre-Judgment Plaintiffs Have Submitted Adequate Proof of Ownership of Their Bonds.

The Republic argues that some of the Pre-Judgment Plaintiffs have failed to provide sufficient evidence of their ownership interest in the FAA bonds, meriting denial of summary judgment.

Proof of bond ownership has been a recurring issue in the long-history of these cases. Generally speaking, a party may establish a fact by citing to declarations or affidavits evidencing that fact. *See* Fed. R. Civ. P. 56(c)(1). But this court has consistently required more before granting summary judgment. It

has required some documentary proof of current ownership of the bonds. *See,
e.g.*, *Colella v. Republic of Argentina*, No. 04 CIV. 2710 (TPG), 2006 WL 399449,
at *3 (S.D.N.Y. Feb. 21, 2006). In most cases, the court has been satisfied where
the plaintiff supplements its sworn declarations with a recent account statement
from the bank holding the bonds. *Mazzini v. Republic of Argentina*, No. 03-CV-
8120(TPG), 2005 WL 743090, at *4 (S.D.N.Y. Mar. 31, 2005), *aff'd*, 282 F. App'x
907 (2d Cir. 2008).

   In the instant cases, many of the Pre-Judgment Plaintiffs had initially
relied on declarations as evidence of their ownership of the bonds. However, in
response to the Republic's opposition papers, all of these plaintiffs have now
submitted account statements to the court. *See, e.g.*, Reply Mem. at 29
("Although it is not required, Plaintiff now attaches additional evidence of
ownership.") The court has reviewed these plaintiffs' declarations and account
statements and concludes that they are sufficient to prove plaintiffs' ownership
of interests in the FAA bonds. *See* Table 1.

| Table 1: Evidence of Ownership in Pre-Judgment "Me Too" Cases | | | |
|---|---|---|---|
| Case # | Plaintiff | Status | Evidence of Ownership of Interest |
| 13CV8887 | Pons | prejudgment | Hauk and Aufhause Act. St. & sworn declaration |
| 14CV10016 | Trinity | prejudgment | Wilmington Trust Acct. Statement & sworn declaration |
| 14CV10064 | MCHA Hldgs | prejudgment | Morgan Stanley Acct. Statement & sworn declaration |
| 14CV10141 | Dorra | prejudgment | Sabadell Acct. Statement & sworn declaration |
| 14CV10201 | Claridae | prejudgment | Morgan Stanley Acct. Statement & sworn declaration |
| 14CV1109 | Tortus II | prejudgment | Goldman Sachs Acct. Statement & sworn declaration (indicating that some of the bonds have been sold, |

| | | | but that ownership continues on the remaining bonds) |
|---|---|---|---|
| 14CV3127 | Tortus I | prejudgment | Goldman Sachs Acct. Statement & sworn declaration (indicating that some of the bonds have been sold, but that ownership continues on the remaining bonds) |
| 14CV5849 | Attestor | prejudgment | Deutsche Bank Acct. Statement & sworn declaration |
| 14CV5963 | Beloqui | prejudgment | Citibank Acct. Statement & sworn declaration |
| 14CV7637 | MCHA Hldgs | prejudgment | Morgan Stanley Acct. Statement & sworn declaration |
| 14CV8243 | Foglia | prejudgment | Citibank Acct. Statement & sworn declaration |
| 14CV8988 | NML | prejudgment | JP Morgan Acct. Statement & sworn declaration |
| 14CV9855 | ARAG | prejudgment | Daily Portfolio Appraisal & sworn declaration |
| 15CV1471 | Lambertini | prejudgment | *Caja de Valores* Acct Statement & sworn declaration |
| 15CV1553 | Honero | prejudgment | Daily Portfolio Appraisal & sworn declaration |
| 15CV1588 | Trinity | prejudgment | Wilmington Trust Acct. Statement & sworn declaration |

### 3. Whether the Republic Has Breached the *Pari Passu* Clause of the FAA.

The Republic argues that it has not breached the *pari passu* clause of the

FAA. The *pari passu* clause provides that:

> The Securities will constitute (except as provided in Section 11 below) direct, unconditional, unsecured and unsubordinated obligations of the Republic and shall at all times rank pari passu and without any preference among themselves. The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness (as defined in this Agreement).

FAA ¶ 1(c). The Republic argues that this clause "prohibits only a creditor's

involuntary legal subordination of debt that is subject to the clause to certain of

the creditor's other indebtedness," and that it does not apply where a creditor "elected voluntarily not to participate" in a debt restructuring. Mem. L. Opp. at 33–34.

This argument is unavailing. The Second Circuit interpreted this clause in its opinion of October 26, 2012. *See NML Capital, Ltd. v. Republic of Argentina*, 699 F.3d 246, 259 (2d Cir. 2012). The court explained that the first sentence of the *pari passu* clause "prohibits Argentina, as bond issuer, from formally subordinating the bonds by issuing superior debt." *Id.* The second sentence "prohibits Argentina, as bond payor, from paying on other bonds without paying on the FAA Bonds." *Id.*

The Republic argues that Court of Appeals' construction of the *pari passu* clause "runs contrary to New York Law and market understanding" and is "unsupported by [the] plain language" thereof. *See* Mem. L. Opp. Mots. Summary J. at 33–34. But this merely attempts to relitigate issues long decided. The Court of Appeals has construed the meaning of the *pari passu* clause, and this court cannot, nor would it, upset that interpretation. The court need merely determine whether plaintiffs have proven that the Republic breached the *pari passu* clause, as it has been construed, in the instant cases.

Between 2005 and 2014, the Republic made regular and uninterrupted payments to one class of its creditors, the Exchange Bondholders, without paying the FAA bondholders. The Republic passed at least four discrete pieces of legislation to avoid paying on the FAA bonds. *See* Law 26,017, Law 26,547, Law 26,886, and Law 26,984. And, each year since 2002, the Republic has

included in its budget a moratorium prohibiting payment on the FAA bonds. Furthermore, from 2014 through 2015, after the Amended Injunction in the Lead Cases took effect, the Republic made three illegal transfers to financial intermediaries in an attempt to pay on the Exchange Bonds without also paying on the FAA bonds. Finally, the Republic has attempted to remove the indenture trustee of the Exchange Bonds and to replace it with an Argentine entity in an attempt to continue making payments on the Exchange Bonds without making payments on the FAA bonds.

This long course of conduct makes clear that the Republic no longer considers the FAA bonds "direct, unconditional, unsecured and unsubordinated obligations of the Republic." FAA ¶1(c). By issuing the Exchange Bonds and passing legislation prohibiting payment on the FAA bonds, the Republic has created a superior class of debt to that held by plaintiffs. By making payments on this superior class of debt, the Republic has violated its promise to rank plaintiffs' bonds equally with its later-issued external indebtedness. Thus, the court holds, in light of the Republic's entire and continuing course of conduct, that it has breached the *pari passu* clause of the FAA.

## Conclusion

For the reasons given above, the court concludes that plaintiffs in these thirty-six actions have satisfied their burden for obtaining summary judgment. The motions for partial summary judgment are hereby granted.

It is hereby declared, adjudged, and decreed that the Republic has violated, and continues to violate, Paragraph (1)(c) of the 1994 Fiscal Agency Agreement.

SO ORDERED.

Dated: New York, New York
     June 5, 2015

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/5/15

26